# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

GILES H. FOWLER, AS EXECUTOR, ETC., OF ELIZABETH
WHITE, DECEASED, RESPONDENT, v. THE BOWERY SAV-
INGS BANK, APPEALANT.

*Deposit of money in a savings bank by one person in trust for another — on the death
of the depositor the executor of the beneficiary is entitled to withdraw the money —
effect of the recovery of a judgment, against the executor of the depositor, therefor.*

APPEAL from a judgment in favor of the plaintiff, entered in
Queens county upon the trial of this action by the court without a
jury.

The action was brought by the plaintiff, as the executor of
Elizabeth White, deceased, for money deposited in her lifetime in
the defendant's bank by her husband, John White. The defense
was that the moneys had been paid to the executor of John White.

The court at General Term said : " The principles of law appli-
cable to this case are well settled. John White made deposits ·in
the defendant bank in trust for Elizabeth White. In the case of
*Martin* v. *Funk* (75 N. Y., 134), it was held that such a deposit was
a sufficient declaration of trust and passed the title to the depositor
as trustee, and that his retaining the pass-book must be deemed to
be the act of a trustee. On the death of John White, Elizabeth
White was the owner of the money thus deposited, and on her
death the executor of her estate was entitled to receive the money.
But the defendant claims that the money was properly paid out to
the executor of John White under the authority of the case of *Boone*
v. *Citizens' Savings Bank* (84 N. Y., 83); but the plain answer to
this contention is that the trial court has found as a fact that, prior
to the payment to such executor, the defendant had notice of the
claim the executor of the estate of Elizabeth White made to this

fund, so that the defense hangs entirely upon the question whether such finding of fact is supported by the evidence.

" The plaintiff testifies that he called at the bank to see the amount of money that was there; saw an officer of the bank and exhibited his letters testamentary, and was told they would pay him the money when he produced the pass-book. He also testified that he received a letter from the bank of like purport. This evidence supports the finding that the bank had notice of the claim of the plaintiff prior to the payment to the executor of John White and hence the case of *Boone* v. *The Citizens' Savings Bank* has no application. That the notice was sufficient no doubt can be entertained. The books of the bank contained ample evidence that this was a trust fund, and the demand of the plaintiff and the exhibition of his letters testamentary plainly indicated to the defendant that the plaintiff was entitled to receive the fund. It was a notice, in effect, that the rightful owner was not in possession of the pass-book, and that its production by any other person would not justify the bank in paying out the fund.

" The fact that the plaintiff sued and recovered a judgment against the executor of John White furnishes no defense to this action. It has long been settled that recovering a judgment against the wrong person cannot be set up as a defense by the right person, subsequently sued. (*Atlantic Dock Co.* v. *Mayor, etc.,* 53 N. Y., 64, and cases there cited.)

" Judgment affirmed, with costs."

*Carlisle Norwood, Jr.,* for the appellant.

*Benjamin W. Downing,* for the respondent.

Opinion by PRATT, J.; DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs